UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James G. Blakely, # 255623, ) | C/A No. 5:13-1712-MGL-KDW |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Report and Recommendation |
| ) | |
| Leroy Cartledge, Warden; ) | |
| A/W Parker; ) | |
| P. Morton; ) | |
| N. Barber; ) | |
| Nurse Andrew; ) | |
| Ms. Franklin, and ) | |
| Ms. Young, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This case, filed by the Plaintiff pro se, was originally filed in the South Carolina Court of Commons Pleas in McCormick County. The case number in state court is 2013-CP-35-03536. Defendants filed a Notice of Removal in this court on June 22, 2013, alleging that the state court Complaint contained federal claims that could have been filed in this court. ECF No. 1. This case is before the court for consideration of the propriety of the Notice of Removal and Plaintiff's Motion for Remand. ECF No. 11. Pursuant to 28 U.S.C. §636(b)(1), and District of South Carolina Local Civil Rule 73.02(B)(2)(e), the undersigned is authorized to review all pretrial matters in this pro se case and to submit findings and recommendations to the district judge.[1]

---

[1] The Fourth Circuit has not directly addressed the question of whether consideration of remand is a nondispositive pretrial matter within the scope of a magistrate judge's authority under 28 U.S.C. § 636(b)(1)(A). *See Jonas v. Unisun Ins. Co.*, No. 00-1217, 2000 WL 1350648 (4th Cir. Sept. 20, 2000) (noting that the Fourth Circuit "has not addressed whether a magistrate judge may issue an order of remand (as opposed to issuing a report and recommendation for the district court's review)"). At least one published opinion in this district has addressed this issue and held that a magistrate judge did not have such authority. *See Long v. Lockheed Missiles & Space Co., Inc.*, 783

Plaintiff's Pending Motion to Remand, ECF No. 11

In Plaintiff's Motion to Remand,[2] he contends that no federal claims are intended under the state court Complaint, and that he pleaded only state-based claims. He asks that the court remand the case to McCormick County. ECF No. 11. Plaintiff begins his Motion for Remand by quoting from page seven of his Complaint, in which he specifically provided that he "is filing a state law claim in state court" and that he "object[s] to any remov[al] from state Court jurisdiction or attempt to enter federal court." Remand Mot. 1, ECF No. 11; Compl. ¶ 10, ECF No. 1-1 at 13.

After requesting and receiving an extension, Defendants filed a Response to the Motion to Remand on August 6, 2013. ECF No. 16. Defendants argue removal was proper and this court has jurisdiction because Plaintiff's state court Complaint contains allegations about violations of the First, Eighth, and Fourteenth Amendments. *Id.*

The removing party bears the burden of establishing federal jurisdiction. *See Strawn v. AT & T Mobility LLC*, 530 F.3d 293, 297-98 (4th Cir. 2008). A defendant may remove a case only if the claim could have been brought in federal court on the basis of federal question jurisdiction or diversity jurisdiction. 28 U.S.C. § 1441(b); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

---

F. Supp. 249, 250 (D.S.C. 1992) ("[A] remand order is the equivalent of a dismissal. The Magistrate's Order thus sought to effect an 'involuntary dismissal' of the action.") (quoting *Giangola v. Walt Disney World Co.*, 753 F. Supp. 148, 152 (D.N.J. 1990)); *see also Mortgage Elec. Registration Sys., Inc. v. Hunt*, 6:07-1763-HMH, 2007 WL 2220403, *3 (D.S.C. July 30, 2007) (unpublished opinion collecting cases and finding report and recommendation appropriate when considering remand). Accordingly, out of an abundance of caution, the undersigned enters this Report and Recommendation for the consideration of the district judge.

[2]Plaintiff's Motion to Remand is deemed to have been filed on June 28, 2013, when he placed the envelope into the mail box at the institution at which he is housed. *See Houston v. Lack*, 487 U.S. 266, 271 (1988) (pro se prisoner's pleading is deemed "filed" at moment of delivery to prison authorities for forwarding to district court). The Clerk of Court filed the Motion in this court on July 2, 2013. ECF No. 11.

Generally, a case can be filed originally in a federal district court if there is diversity of citizenship and a certain amount is in controversy under 28 U.S.C. § 1332 or if there is so-called "federal question" jurisdiction under 28 U.S.C. § 1331. As the Fourth Circuit Court of Appeals has explained, "courts should resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 425 (4th Cir. 1999) (internal quotation and citation omitted). In light of the foregoing authority, Defendants bear a heavy burden of proving that this case falls within the court's removal jurisdiction. The Supreme Court has commanded that when considering removal jurisdiction, federal courts must "scrupulously confine their own jurisdiction to the precise limits which the statute has defined." *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941) (internal quotation and citations omitted).

Applicable case law and statutory law, including 28 U.S.C. § 1447(c), provides that subject-matter jurisdiction cannot be conferred by estoppel, waiver, or consent. *See Buchner v. FDIC*, 981 F.2d 816, 818 (5th Cir. 1993) ("Although parties may waive their rights to remove a case or to contest the removal procedure, they may neither confer subject matter jurisdiction on the district court nor strip it of such jurisdiction by agreement or waiver."). As a result, a federal district court should remand the case to state court if the face of the initial pleadings makes it clear the court lacks subject-matter jurisdiction. *See* 28 § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *see Ellenburg v. Spartan Motor Chassis, Inc*., 519 F.3d 192, 196 (4th Cir. 2008) (noting the court's remand order for lack of subject-matter-jurisdiction can be entered at any time).

The court has reviewed Plaintiff's state court Complaint and notes it does include allegations of the type noted by Defendants; however, the Complaint does not include specific references to "the

3

United States Constitution." Compl. ¶¶ 14-16, ECF No. 1-2 at 3-6. Moreover, in his Prayer for Relief, Plaintiff asks for "[a] declaration that the acts and omission described herein violated Plaintiff's rights under the *Constitution and law of South Carolina*." *Id*. ¶ 18, ECF No. 1-2 at 27. Plaintiff is the master of his complaint, and removal jurisdiction is to be strictly limited. *Pinney v. Nokia, Inc.*, 402 F.3d 430, 442 (4th Cir. 2005); *see also Negron-Fuentes v. UPS Supply Chain Solutions*, 532 F.3d 1, 6 (1st Cir. 2008); *see also Addison v. Charleston Cnty. Pub. Defenders*, 4:11-2936-CMC-JDA, 2011 WL 6937608, *2 (D.S.C. Dec 08, 2011).

Plaintiff's attempts to limit his state-court claims to those arising under state law, and his specific claim that only state claims are intended, combined with his failure to specifically reference the "United States Constitution" convince the court that it is without federal subject matter jurisdiction over this case at this time. In reaching this conclusion, the court notes the similarities between the contents of the first article of the South Carolina Constitution entitled "Declaration of Rights" and the "Bill of Rights" to the United States Constitution.[3] Even if Plaintiff's reference corresponds with amendments to the United States Constitution, a pro se litigant's use of passing references to certain federal constitutional provisions or of words commonly associated with certain federal claims does not automatically mean that federal claims are intended when other aspects of a state court pleading implicate only state court claims. *See generally Addison*, 2011 WL 6937608, *2 (citing *McBrearty v. Ky. Comty., Tech. Coll. Sys.*, No. CIV. A. 06–CV–197KSF, 2006 WL 2583375, *6 (E.D. Ky. Sept.7, 2006) ("Where a plaintiff chooses to assert only state law claims, re-characterizing it as a federal claim is generally prohibited.")). Here, Plaintiff has expressed

---

[3]The "rights" listed in the South Carolina Constitution are not called "amendments," but the language used and the order in which they are listed is similar to that used in the United States Constitution's "Bill of Rights."

4

unequivocally his intent to pursue only state-law claims in his Complaint. Remand is appropriate.

<u>Plaintiff's Pending Motion to Dismiss, ECF No. 17</u>

Several days before Defendants' Response to the Motion to Remand was filed, Plaintiff is deemed to have filed a "Motion to Dismiss" as of August 1, 2013, when he submitted that Motion in an envelope addressed to this court to his institutional mailbox. The court received the Motion to Dismiss on August 5, 2013. ECF No. 17.  Plaintiff makes no reference to his Motion to Remand in the Motion to Dismiss. In pertinent part, the Motion to Dismiss provides as follows:

> Plaintiff hereby dismiss[es] the above case due to the difficulty, at this time, of attaining the necessary evidence and the proper law library time.
>
> Plaintiff will gather the evidence and refile at a later date. Plaintiff preserves the right to file at a later date.

ECF No. 17.

Based on his Motion to Dismiss, it appears that Plaintiff wishes to voluntarily dismiss this case. However, because Defendants have answered in this matter, Plaintiff cannot dismiss the case on his own. *See* Fed. R. Civ. P. 41(a) (permitting dismissal without a court order only when opposing party has not answered or filed a motion for summary judgment or when all parties who have appeared sign a stipulation of dismissal). Further, and importantly, the court cannot rule on Plaintiff's Motion to Dismiss unless it has subject matter jurisdiction over this case. As discussed above, the undersigned is of the opinion that the court does not have subject matter jurisdiction. Accordingly, the court cannot rule on the Motion to Dismiss at this time. In the event the United States District Judge assigned to this case adopts this Report and Recommendation and remands this matter to the Court of Common Pleas in McCormick County, Plaintiff's Motion to Dismiss will remain pending and may be ruled on by the Court of Common Pleas. Were the United States District

Judge to deny the Motion to Remand and find this court has jurisdiction, the court can then consider the Motion to Dismiss.

### Recommendation

For the foregoing reasons, it is recommended that Plaintiff's Motion to Remand, ECF No. 11, be *granted* and this matter be remanded to the Court of Common Pleas for McCormick County without prejudice to Defendants' rights to file responses to any of Plaintiff's filings in the state court. Upon remand, the Court of Common Pleas may consider Plaintiff's pending Motion to Dismiss in which he seeks to dismiss this case without prejudice. ECF No. 17.

As this is a recommendation, the Office of the Clerk of Court shall not immediately certify this Order to the Court of Common Pleas for McCormick County. If both parties in this case fail to file written objections to this Report and Recommendation within 14 days after this document is filed, or, if either party files written objections to this Report and Recommendation within 14 days after this document is filed, the Office of the Clerk of Court, at the end of the 14-day period, shall forward the case file and any objections to a United States District Judge for a final disposition.

IT IS SO RECOMMENDED.

August 8, 2013                                          Kaymani D. West
Florence, South Carolina                         United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).